## MATTER OF ANCHETA

### In Visa Petition Proceedings

### A-13680552

*Decided by Regional Commissioner July 1, 1968*

Preference classification under section 203(a)(3) of the Immigration and Na-
tionality Act, as amended, as a medical records librarian is denied since the
qualification standards for a medical records librarian (completion of a one-
year specialized academic training program) do not reach the high level of
academic preparation characteristic of occupations classified as professions.

ON BEHALF OF PETITIONER: Lloyd A. Tasoff, Attorney
542 S. Broadway, Suite 1220
Los Angeles, California 90013

This case comes forward on appeal from the decision of the District
Director Los Angeles who denied the petition on May 15, 1968 in that
the petitioner's occupation was not a professional occupation and that
petitioner was therefore ineligible for preference classification under
section 203(a)(3) of the Immigration and Nationality Act, as
amended.

Oral argument was requested and granted. Attorney of record
appeared as scheduled.

Petitioner is a 36-year-old single female, a native and citizen of the
Philippines temporarily in the United States. The petitioner was last
admitted to the United States at Detroit, June 17, 1966 as a student to
attend Loma Linda University in Loma Linda, California and granted
extension of stay in that status to June 17, 1967. She had previously
been admitted to the United States as a visitor in October 1962 and
was granted a change of status to student on March 4, 1963. She
subsequently attended school at Fresno City College, Loma Linda
University, and East Los Angeles College, enrolled in the fields of
medical secretary and medical records. On January 26, 1968 she ob-
tained an Associate in Arts degree upon completion of a two-year
course in medical records from the East Los Angeles College. On Sep-
tember 8, 1967 she was issued a certification as an "Accredited Record
Technician" by the American Association of Medical Record Librar-

785

ians. The record shows that prior to coming to the United States she had obtained a Bachelor of Science degree in Business Administration in May 1962 from the Philippine Women's University in Manila.

In Form ES–575A, "Statement of Qualifications of Alien," submitted in support of her petition she claims to have worked as a medical secretary and laboratory assistant in a sanitarium and hospital in Pasay City, Philippines from 1950 to 1962 and that since 1966 has worked at a medical center in Los Angeles rendering bedside care to patients. She filed the present petition in February 1968 for preference classification under section 203(a)(3) of the Act, as a member of the professions as a medical records librarian. A certification from the Secretary of Labor pursuant to section 212(a)(14) of the Act, as amended, has not been obtained or requested.

Section 101(a)(32) of the Act, as amended, defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries.

Section 203(a)(3) of the Act, as amended, provides that visas shall be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interest or welfare of the United States."

In *Matter of A—*, 2 I. & N. Dec. 660, it is stated:

Examination of the occupations named in section 101(a)(32) of the Act, indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

Volume I of the *Dictionary of Occupational Titles*, Third Edition, published by the Department of Labor, defines the duties of medical record librarian (Code 100.388) as medical services as follows:

Compiles and maintains medical records of hospital and clinic patients. Reviews clinical records for completeness and contacts medical personnel to obtain missing data. Codes, indexes, and files records of diagnoses, diseases, and treatments. Compiles statistics, such as reports on admissions, births, deaths, transfers, and discharges. Releases medical information to staff and authorized governmental agencies, insurance companies, physicians, hospitals and medical information and research centers. May brief and transcribe records. May testify in court to authenticate medical records. May be registered with American Association of Medical Record Librarians, and be known as REGISTERED RECORD LIBRARIAN.

Volume II of the above *Dictionary* shows that occupations in the three terminal digit group of .388 as clerical in nature and states:

Graduation from high school with successful completion of commercial courses and demonstrated familiarity with elementary clerical skills will usually qualify an individual for entry into this work.

A period of on-the-job training ranging up to 3 months is usually sufficient to familiarize entry workers with clerical procedures and forms used in specific establishments.

The *Occupational Outlook Handbook*, also published by the Department of Labor states that 30 schools are approved by the American Medical Association for training in Medical Record Library Science and that a certificate is issued upon the completion of a one year specialized academic training program.

The qualification standards for a "Medical Records Librarian" do not reach the level of the high academic preparation standards characteristic of occupations classified as professions. The occupation in which the petitioner seeks employment in the United States cannot be considered a professional occupation as contemplated by the statute and will not support a petition for classification under section 203 (a) (3) of the Act, as amended. The decision of the District Director was proper. The petitioner is not eligible for the preference classification sought. The appeal will be dismissed.

The denial of the petition for third preference classification is without prejudice to determining her qualifications for sixth preference, if a petition to accord her that classification, supported by the required Labor Department certification, is submitted in her behalf by an actual or prospective employer.

**ORDER:** It is ordered that the appeal be dismissed.